## O. G. Roberts v. The State.

No. 12202.   Delivered March 13, 1929.
Rehearing denied April 17, 1929.

The opinion states the case.

*Collins & Martin* of Hillsboro, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

Enough of the facts will appear in our discussion of the alleged errors.   The bill of exceptions complaining of the refusal of a new trial sought because of misconduct of the jury, is accompanied by a statement of the facts heard by the court when the motion was presented.   The testimony seems entirely sufficient to justify the conclusion reached by the trial court that no such reference was made to appellant's failure to testify as called for the granting of the motion on the ground mentioned.   The other bills of exception are each qualified by the trial court in such manner as leave us in no doubt as to the correctness of the ruling of the court in each instance. We have weighed the facts in the light of the argument both in the brief and upon oral presentation, and are constrained to believe that same are sufficient to support the conviction.   It was shown that for a number of years appellant had often been in Hillsboro where the A. & P. Tea Company had a store.   This store was burglarized on Sunday night, January 29, 1928, and money amount-

ing to nearly $400.00 was stolen. There was about $20.00 in silver quarters taken, ten dollars of which was rolled in a wrapper from the Farmers National Bank of Hillsboro. This was rolled in an odd manner, both the manager of said store and his wife having had part in an effort to roll it in the wrapper. It was shown in testimony that appellant was in Hillsboro on this particular Sunday night at a cafe on the same street as was the burglarized store at different times during the night and was there when witness Brewer went off duty at 1:00 o'clock a. m. A boy delivering papers who testified that he was well acquainted in the town, and who said he came to work about 4:00 a. m. on the morning of the 30th, said he saw two strange men come out of the Hillsboro Dry Goods Company's store, get in a car and drive down the street through an alley and back around to the store when another strange man came out, got in the car and the three drove away in the direction of Waco. The proprietor of a hotel in Waco said his was a place frequented by people of moderate means and that appellant had been rooming in his house for sometime, and was doing some kind of labor on a building. He testified that appellant did not have money enough to pay his room rent, but had told witness he would pay him when he got enough money. On Saturday, January 28th, appellant told witness he was going out to his mother's some thirty miles from Waco. He then said nothing about paying any room rent. Witness gave him some clothes which appellant accepted and wore. At 7:00 o'clock Monday morning following appellant came to the hotel looking tired and worn out from loss of sleep. He asked witness how much he owed and was told $6.00. He paid this $6.00 in quarters, and also exchanged $4.00 in quarters for paper money. Witness said he had the quarters loose in an overcoat pocket, and after giving him the aforesaid $10.00 in quarters, seemed to still have others in his pocket. He told witness that he won $50.00 in a crap game in Dallas that night, and in response to a question stated that he came to Waco that morning on the first interurban. This witness testified that he knew that the first interurban from Dallas reached Waco at five minutes after eight that morning. Appellant was arrested that same day and in his possession was found $10.00 in a roll of quarters, which was shown to the manager of the A. & P. Tea store and his wife when on witness stand on this trial, and by them identified as the identical roll taken from the store the night of the burglary. Appellant introduced no testimony. He calls attention in his brief and oral argument to some discrepancies and

matters deemed by him to reflect upon the principal State witnesses, but these are questions for the jury. We do not think any error appears in any of the matters complained of, and that the facts support the verdict and judgment.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In view of appellant's motion we have again examined the facts. We think Brewer's testimony authorized the jury in concluding that appellant was in Hillsboro on the night of the burglary regardless of the fact that Brewer could not give the day of the month. We regard the evidence sufficient to support the judgment.

The motion for rehearing is overruled.

*Overruled.*